UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL A. ROBERTS,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.
_____/

CASE NO. 5:24-cv-00241

JURY TRIAL DEMANDED

# COMPLAINT

NOW comes MICHAEL A. ROBERTS ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Bushnell, Florida, which falls within the Middle District of Florida.

5. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Florida. Experian maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California.

## FACTS SUPPORTING CAUSE OF ACTION

6. Some time ago, Plaintiff incurred a consumer obligation ("subject debt") purportedly owed to USAA Federal Savings Bank ("USAA").

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

7. Due to the harassing and unlawful nature of USAA's collection efforts directed towards Plaintiff, Plaintiff initiated litigation against USAA ("prior litigation") in connection with such collection efforts.

8. The prior litigation was resolved through a settlement reached in approximately December of 2023, in connection with which USAA was to waive the balance of the subject debt and remove any reporting of the subject debt from Plaintiff's credit reports.

9. Nevertheless, several months later, Plaintiff noticed that, rather than waive the balance and delete the subject debt from his credit reports as promised, USAA instead updated the reporting of the subject debt to reflect a different, and clearly incorrect, past due balance.

10. Plaintiff subsequently initiated a credit dispute directly with Experian, and provided Experian all necessary information to determine that the subject debt was being inaccurately reported.

11. Upon information and belief, USAA received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S. Code § 1681i(a)(2).

12. On or about April 10, 2024, Experian responded to Plaintiff's dispute by failing to reasonably investigate Plaintiff's dispute. Specifically, Experian represented that it updated its reporting to be accurately reporting; however, the

subject debt remained on Plaintiff's credit reports with a past due balance despite Plaintiff's lack of obligation on any remaining sums to USAA.

13. Any reasonable investigation on the part of Defendant would have revealed that the subject debt was being inaccurately reported on Plaintiff's credit.

14. As such, rather than conduct a reasonable investigation into Plaintiff's dispute and engage in their statutorily required investigative steps, Experian simply continued to report the blatantly erroneous tradeline.

15. As such, despite having actual knowledge that the subject debt was being reported inaccurately after receiving Plaintiff's dispute, Defendant continued to report the subject debt with the negative information that should have been removed from Plaintiff's credit report.

16. The reporting of the USAA trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

17. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and thus a high-risk consumer.

18. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

19. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, denial of the benefit of his bargain, and mental and emotional pain and suffering.

20. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her Experian credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

23. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

24. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

25. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

26. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

27. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

28. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

29. Plaintiff provided Experian with all relevant information in his request for investigation to reflect that the subject debt was being reported inaccurately.

30. Experian failed to reasonably investigate Plaintiff's dispute in response to such dispute. Despite the clear nature of the inaccurate reporting, Experian nevertheless updated its reporting to remain inaccurate. Further, Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed, when

in fact, the subject debt had been completely satisfied and was to no longer be appearing on Plaintiff's credit report.

31. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

32. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

33. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to USAA. Upon information and belief, Experian also failed to include all relevant information as part of the notice to USAA regarding Plaintiff's dispute that Experian received from Plaintiff.

34. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

35. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

36. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from USAA that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

37. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the USAA trade line with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

38. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

39. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

40. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

41. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

42. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

43. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as having a balance owed on a debt after Plaintiff put Experian on notice that he was not obligated to pay the subject debt.

44. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

45. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, MICHAEL A. ROBERTS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: May 8, 2024                                       Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar. No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com